```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

AVIS P. YEISER and JEROME YEISER,        :    06 Civ. 13466 (WCC)

                    Plaintiffs,          :    **ECF CASE**

        - against -                      :
                                              **OPINION
GMAC MORTGAGE CORPORATION, GRP           :    AND ORDER**
FINANCIAL SERVICES CORP., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.    :
and OPTION ONE MORTGAGE CORPORATION,
                                         :
                    Defendants.
                                         :
- - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

STEPHEN A. KATZ, P.C.
**Attorneys for Plaintiffs**
111 John Street, Suite 800
New York, New York 10038

STEPHEN A. KATZ, ESQ.

    Of Counsel


PLATZER, SWERGOLD, KARLIN, LEVINE,
  GOLDBERG & JASLOW, LLP
**Attorneys for Defendants
  GMAC Mortgage LLC and Mortgage
  Electronic Registration Systems,
  Inc.**
1065 Avenue of the Americas
New York, New York 10018

STAN L. GOLDBERG, ESQ.
SON K. LE, ESQ.

    Of Counsel

**Copies E-Mailed to Counsel of Record**

**A P P E A R A N C E S :  (continued)**

                                        ESCHEN, FRENKEL & WEISMAN, LLP
                                        **Attorneys for Defendant**
                                           **GRP Financial Services Corp.**
                                        20 West Main Street
                                        Bay Shore, NY 11706

JOSEPH F. BATTISTA, ESQ.

      Of Counsel


                                        FEIN, SUCH, KAHN & SHEPARD, P.C.
                                        **Attorneys for Defendant Option One**
                                           **Mortgage Corporation**
                                        747 Chestnut Ridge Road, Suite 200
                                        Chestnut Ridge, New York 10977

GREGG P. TABAKIN, ESQ.

      Of Counsel

**CONNER, Senior D.J.:**

Plaintiffs, Avis P. Yeiser and Jerome Yeiser, ("plaintiffs") filed this action claiming violations of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2605(e), 2605(g); N.Y. GEN. BUS. LAW § 349; N.Y. BANKING LAW § 595-a; fraud; intentional infliction of emotional distress; conversion; conspiracy to commit conversion; breach of contract; breach of implied covenant of good faith and fair dealing and breach of fiduciary duty. Defendants GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS") and GRP Financial Services Corp. ("GRP") move to dismiss the Complaint on the grounds that it is precluded by *res judicata* and collateral estoppel based on a prior judgment of foreclosure in New York State court. Defendant Option One Mortgage Corporation ("Option One") joins this motion and separately moves for summary judgment on the same grounds. For all the reasons that follow, defendants' motions are granted.

## BACKGROUND

Plaintiffs purchased property at 10 Manhattan Avenue, New Rochelle, N.Y. with a $427,500 mortgage loan. (Complt. ¶ 9.) Plaintiffs executed a mortgage in favor of MERS as nominee for MortgageIt, Inc. ("MortgageIt"). (Tabakin Aff. ¶ 3, Ex. A.) In November 2003, the mortgage loan was transferred to Option One who serviced it until May 2004 when it was transferred to GMAC. (Complt. ¶¶ 10, 23.) GMAC transferred the mortgage loan to GRP in May 2005. (*Id*. ¶¶ 11, 23.) The note provides that the loan accrues interest at a fixed rate of 5.75%, repayable over thirty years by means of a $2,494.77 monthly principal-and-interest payment. (*Id*. ¶ 21.) Initially, plaintiffs' monthly payment including escrow amounts for taxes, insurance premiums and other expenses was

$3,343.17.$^1$ (*Id.* ¶ 22.)

When GMAC purchased the loan from Option One, plaintiffs' monthly payment increased to $4,560.04. (*Id.* ¶ 26.) A Housing and Urban Development ("HUD") employee told plaintiffs that Option One had miscalculated the payment causing GMAC to bill them at the increased amount. (*Id.* ¶ 28.) According to plaintiff, because the note provides for a fixed interest rate and a fixed monthly payment of principal-and-interest, the increase in the monthly payment charged by GMAC was a result of an increase in the escrow amount. (*Id.* ¶¶ 29-31.) The original escrow payment was $848.40 (the $3,343.17 total monthly payment less the principal-and-interest of $2,494.77). The escrow payment charged by GMAC was $2,065.27 (the new $4,560.04 total monthly payment less the principal-and-interest of $2,494.77). (*Id.* ¶¶ 34-35.) Plaintiffs contend that "it is impossible" that taxes, insurance premiums or other expenses covered by the escrow payment increased to that extent in one year. (*Id.* ¶ 37.)

Plaintiff Avis Yeiser requested that GMAC explain the increase in the monthly payment but states that GMAC did not return her phone calls or respond to her certified letter dated July 17, 2004. (*Id.* ¶ 39.) Plaintiffs had not missed a monthly payment until May 2004, when they did not pay the May, June and July payments for the stated reason that GMAC refused to explain the increase. (*Id.* ¶¶ 40-42.) On July 23, 2004, MERS, the holder of the note and mortgage, commenced foreclosure proceedings in the Supreme Court of the State of New York, Westchester County. (Complt. ¶ 43; Tabakin Aff. ¶ 5, Ex. B.) Plaintiffs were served, and filed an answer on September 1, 2004 denying

---

[1] Paragraph 3(a) of the borrower's rights and obligations section of the mortgage contract requires the borrowers to "pay to Lender all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges" into the escrow funds which the borrow will make a monthly payment for based on the Lender's estimate of the annual amount required. (Complt. ¶ 19; Tabakin Aff., Ex. A.)

2

they were in default. (Tabakin Aff. ¶ 6, Ex. C.) Plaintiffs stated they had not defaulted on their mortgage because: they "wrote (certified return receipt) letters to GMAC upon transfer of [the] loan from Option One Bank requesting in writing why or [sic] mortgage payment increased drastically"; they "were never informed why payment went up when taxes had been decreased by $2,500, insurance was paid in full for the calendar year and PMI was to stop in August 2004"; GMAC did not return their phone calls or respond to their letter; and GMAC "rejected [their] check of almost $14,000." (*Id*., Ex. C.)

Plaintiffs sent GMAC a check for $13,859.89 dated August 5, 2004, which GMAC returned uncashed with a letter stating that the "funds do not represent the full amount due to reinstate your account at this time" because additional fees and costs were incurred, and directed plaintiffs to contact the named attorney for the reinstatement amounts. (Complt. ¶¶ 44-45; Pls. Mem. Opp. Defs. Mots. Dismiss & Summ. J., Exs. E & F.) Plaintiffs contend that the amount tendered was enough to pay all arrears and costs and therefore MERS should have discontinued the foreclosure proceedings in accord with paragraph 19 of the contract.[2] (Complt. ¶¶ 46-47.)

Plaintiffs could not find an attorney to represent them until 2006 and therefore proceeded with the foreclosure action *pro se*. (*Id*. ¶¶ 48-49.) MERS filed a motion for an order striking plaintiffs answer and entering summary judgment for MERS, and on December 29, 2004 the motion was granted. (Tabakin Aff. ¶ 7, Ex. D.) However, in January 2005 plaintiffs participated in settlement conferences with MERS authorized by Justice Louis A. Barone of Westchester County Supreme Court. (Complt. ¶ 51.) Plaintiffs contend that MERS could not justify the increased

---

[2] Paragraph 19 of the borrower's rights and obligations section of the mortgage contract allows the borrower to avoid foreclosure by paying their arrears and all reasonable expenses that the default has cost the mortgagee. (Complt. ¶ 20; Tabakin Aff., Ex. A.)

payments at the conferences and upon prompting by Justice Barone the parties reached an oral agreement to settle. (*Id*. ¶¶ 53-57.) Plaintiffs understood that under the agreement they would resume payments at $3,243.33 per month and MERS would discharge the missed payments with a balloon payment at the end of the repayment period. (*Id*. ¶¶ 58-59.) According to plaintiffs, in December 2005 Justice Barone retired and MERS moved for judgment of foreclosure and sale. (*Id*. ¶ 61.) Defendants contend that the parties never agreed to settle. (Tabakin Aff. ¶ 8.)

Judgment of foreclosure and sale was entered on January 4, 2006, adopting and ratifying the court-appointed referee's report determining the amount due on the mortgage. (Complt. ¶ 64; Tabakin Aff., Ex. E.) Plaintiffs, through their attorney, filed a notice of appeal of the judgment on February 21, 2006. (Tabakin Aff. ¶ 11). MERS scheduled a foreclosure sale for February 22, 2006 which was cancelled pursuant to plaintiffs' Order to Show Cause, which temporarily stayed the sale. (*Id*. ¶ 12.) The motion to vacate the foreclosure judgment was denied by the state court on May 24, 2006 and the stay was lifted. (*Id*., Ex. F.)

Plaintiffs raised the same arguments in the motion to vacate that they now assert in their Complaint. In the opinion, the court stated that it brought the parties in for a conference and directed MERS to address the RESPA issue by explaining the mortgage increase and to advise plaintiffs of the total arrears and expenses due. (*Id*., Ex. F at 5.) The court could not settle the matter in conference and the parties submitted additional motion papers. (*Id*.) The court then denied plaintiffs' request to present their defenses because there was no reasonable excuse for their default. (*Id*., Ex. F at 7.) The court also noted that plaintiffs did not pay GMAC the old monthly mortgage amount, did not put the payment amounts in an escrow account or deliver them to the court, did not pay yearly taxes on the property in 2004 and 2005, and did not attempt to refinance their home. (*Id*.,

Ex. F at 9-10.) Additionally, the court did not find that Justice Barone determined that the foreclosure procedure was unjust (although plaintiffs claimed he did), because Justice Barone did not vacate his own order granting summary judgment or place a stipulation of settlement on the record. (*Id*., Ex. F at 10.) Finally the court noted that plaintiffs' allegations of fraud were not supported by any case law nor established on the record at bar. (*Id*., Ex. F at 11.)

In July 2006, plaintiffs, through their attorney, filed a Notice of Appeal of the order denying the motion to vacate. (Tabakin Aff. ¶ 15, Ex. G.) Plaintiffs again asserted that their default was due to the unexplained increase in their monthly mortgage payments, that they sent payment of all arrears, which should have stopped the foreclosure, and that there was an oral agreement to settle among the parties. (*Id*., Ex. G.) Plaintiffs requested an extension to consolidate the appeals of the foreclosure judgment and the May 2006 order which was granted by the court in August 2006. (*Id*. ¶¶ 16-17, Ex. G.)

MERS scheduled a foreclosure sale for September 13, 2006 but plaintiffs filed another Order to Show Cause seeking stay of the sale on September 12, 2006, alleging they were about to refinance their loan. (*Id*. ¶ 18.) The Order to Show Cause was denied by the court on October 3, 2006. (*Id*., Ex. H.) In September 2006 the court granted plaintiffs another extension of time. (*Id*. ¶ 20, Ex. I.) The foreclosure sale was rescheduled for November 30, 2006, and this time the court denied plaintiffs Order to Show Cause to stay the sale because it was rendered moot when plaintiffs filed a bankruptcy petition. (*Id*. ¶ 21, Ex. J.) On November 4, 2006, plaintiffs filed a letter with the Appellate Division stating they had decided not to pursue the appeals. (*Id*. ¶ 22, Ex. K.)[3]

---

[3] Plaintiffs state they discontinued the appeal because they could not afford the printing costs and attorney's fees. (Pls. Mem. Opp. Defs. Mots. Dismiss & Summ. J. at 5-6.)

Plaintiffs filed this suit on November 27, 2006. Defendants GMAC and MERS move to dismiss the Complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). GMAC and MERS argue that the Complaint is precluded on the grounds of *res judicata* and collateral estoppel based on the judgment of foreclosure in the State court. They also argue that the Court should decline to exercise subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine.[4] Defendant Option One joins this motion and additionally moves for summary judgment pursuant to Fed. R. Civ. P. 56 on the same grounds. Defendant GRP also moves for dismissal of the Complaint on the grounds of *res judicata* and collateral estoppel. Additionally, GRP contends it is a holder in due course and therefore there is no cause of action against it; it is not liable under RESPA; and plaintiffs fail to state a cause of action for violations of N.Y. Gen. Bus. Law § 349, fraud, intentional infliction of emotional distress, conversion, conspiracy to commit conversion, breach of contract, punitive damages or violation of New York Banking Law.[5]

**ANALYSIS**

**I.    Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Scheuer v.*

---

[4] Because we determine that plaintiffs' Complaint is precluded by the state court judgment we do not address defendants Rooker-Feldman argument. (Mem. Supp. Joint Mot. Dismiss at 7; Le Reply Aff'm ¶ 8.)

[5] Because we determine that plaintiffs' Complaint is precluded by the state court judgment as to all defendants, we do not address GRP's additional arguments.

*Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.). Furthermore, in assessing the legal sufficiency of a claim, the court may consider the facts alleged in the complaint, any document attached as an exhibit or incorporated by reference and matters of which judicial notice may be taken. *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir. 1996); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks and citation omitted). "The Supreme Court has recently held that '[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Ello v. Singh*, 2007 WL 3084979, at *3 (S.D.N.Y. Oct. 19, 2007) (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir. 2007) (determining that the Court in *Twombly* "is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") (emphasis in original). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains, are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

Summary judgment is appropriate when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The court must resolve all ambiguity in favor of the non-moving party and draw every permissible factual inference in that party's favor. *See Anderson*, 477 U.S. at 255. The burden is on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). When the movant has met that burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P 56(e)) (citations omitted) (emphasis in original).

## II.     Res Judicata

*Res judicata* refers broadly to the concept that a final judgment on the merits of an action

precludes relitigation of issues that were or could have been raised in that action. *See Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata* embraces two concepts: issue preclusion and claim preclusion. Issue preclusion, often referred to as "collateral estoppel," refers to the preclusive effect of a judgment that prevents a party from litigating, for a second time, an issue of fact or law that has once been decided. *See Deutsch v. Integrated Barter Int'l, Inc.*, 700 F. Supp. 194, 196 (S.D.N.Y. 1988) (citing *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985)). "Under the doctrine of claim preclusion a judgment, once rendered by a court of competent jurisdiction, will be treated thereafter as the 'full measure of relief to be accorded between the same parties on the same . . . "cause of action."'" *Murphy*, 761 F.2d at 879 (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Machine, Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) (alteration in original)). "The Second Circuit has held that *res judicata* challenges may properly be made via a threshold motion to dismiss." *Amadsau v. Bronx Lebanon Hosp. Ctr.*, 2005 WL 121746, at *7 (S.D.N.Y. Jan. 21, 2005) (citing *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994)). Because the prior decision was rendered by a New York state court, New York's *res judicata* and collateral estoppel doctrines govern. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 482, 483 n. 24 (1982); *Beckford v. Citibank N.A.*, 2000 WL 1585684, at *3 (S.D.N.Y. Oct. 24, 2000).

### A. Claim Preclusion

According to New York law, under "*res judicata*, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action." *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 347 (1999). This doctrine also applies to defenses that could have been litigated, including defenses to a foreclosure. *See Beckford*, 2000 WL 1585684, at *3;

9

*Mony Credit Corp. v. Colt Container Servs., Inc.*, 565 N.Y.S.2d 126, 126 (App. Div. 1991) ("Since the defenses raised by the defendants in opposition to summary judgment in the instant action were either raised or could have been raised as defenses in the prior action to recover a judgment upon the mortgage debt, they are thus barred."). Thus, we must determine if the state court issued a final judgment on the merits, if that decision involved the same causes of action as the Complaint in this action and if the parties in the current action were parties in the state action.

It is long settled in this Court and in New York State courts that a summary judgment dismissal is considered a decision on the merits for *res judicata* purposes. *See Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 715 (2d Cir. 1977) (holding that summary judgment dismissal in prior action was decision on the merits for *res judicata* purposes); *Amadsau*, 2005 WL 121746, at *6 (ruling grant of summary judgment operated as decision on the merits); *Kinsman v. Turetsky*, 804 N.Y.S.2d 430, 432 (App. Div.), *leave to appeal denied*, 843 N.E.2d 1156 (2005) (affirming a trial court's dismissal of an action on claim preclusion grounds where a prior action on the same theory had been dismissed on summary judgment). Therefore, the state court decision granting MERS's motion for summary judgment was a final decision on the merits.

New York takes a transactional approach to *res judicata*: "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Sosa v. J.P. Morgan Chase Bank*, 822 N.Y.S.2d 122, 124 (App. Div. 2006) (internal quotation marks and citation omitted). In determining what constitutes the same transaction, the court should look to: how the facts are related in time, space, origin or motivation; whether they form a convenient trial unit; and whether treating them as a unit conforms to the parties' expectations. *See Marinelli Assocs. v. Helmsley-Noyes Co.*,

705 N.Y.S.2d 571, 575-76 (App. Div. 2000). Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong *res judicata* applies. *Id*.; *see Green v. Kadilac Mortgage Bankers, Ltd.*, 936 F. Supp. 108, 114 (S.D.N.Y. 1996) (determining plaintiff could not relitigate issues already determined and resolved in the foreclosure action by recasting their assertions on the basis of a § 1983 conspiracy claim); *Gross v. Tannen*, 675 N.Y.S.2d 49 (App. Div. 1998) (finding that plaintiff's cause of action for cancellation of an apartment lease and eviction against defendants in a prior mortgage foreclosure action, and plaintiff's causes of action for money damages against the same defendants in the current action, were based on the same facts regarding fraud, collusion and self-dealing, therefore the claims could have been joined in the foreclosure action and *res judicata* barred the instant action).

Plaintiffs are clearly seeking alternative relief in federal court based on the same series of transactions involved in the foreclosure proceeding. Plaintiffs have alleged in their Complaint the same facts and incidents they asserted in their answer to the foreclosure action and in their moving papers on appeal of that action. If plaintiffs were unhappy with the result of that proceeding, the proper recourse was a state court appeal. Because plaintiffs could have presented the same claims they now assert, including the RESPA claim, as defenses or counterclaims in the action for foreclosure, the doctrine of *res judicata* bars this litigation against MERS who was the state court plaintiff. *See* 12 U.S.C. § 2614 (authorizing an action, pursuant to the provisions of RESPA, to be brought in the federal district court or in any other court of competent jurisdiction in which the property involved is located, or where the violation is alleged to have occurred); *Trakansook v. Astoria Fed. Sav. & Loan Ass'n*, 2007 WL 1160433, at *7 (E.D.N.Y. Apr. 18, 2007) (finding plaintiff could have presented her federal constitutional claims in the state court foreclosure litigation because

11

the state court also has jurisdiction over § 1983 cases); *Mercado v. Playa Realty Corp.*, 2005 WL 1594306, at *7 (E.D.N.Y. July 7, 2005) (determining plaintiff could have asserted the new claims she was raising in her federal action during the foreclosure action as counterclaims, therefore the claims were barred by the doctrine of *res judicata*); *Peters v. Timespan Commc'ns, Inc.*, 2000 WL 340900, at *6 (S.D.N.Y. Mar. 30, 2000) ("In light of the near-verbatim duplication of factual assertions, there can be no question that the federal action "arises from the same factual grouping" as [the] Foreclosure Action claims. . . . [T]he fact that plaintiffs' federal claims are brought under different legal theories and seek different relief than his previously asserted claims in the Foreclosure Action does not preclude the application of *res judicata* in this case."); *Beckford*, 2000 WL 1585684, at *4 (determining that RESPA claim was available to plaintiff during the state foreclosure proceedings and, although he did not raise the issue, litigation in the subsequent proceeding would frustrate the rights and interests established in the state foreclosure proceedings); *Gray v. Bankers Trust Co. of Albany, N.A.*, 442 N.Y.S.2d 610, 612 (App. Div. 1981) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded ."). We must decide if the decision also bars litigation against the remaining defendants.

Under New York law, *res judicata* will preclude relitigation between the same parties or those in privity. *See Watts v. Swiss Bank Corp.*, 265 N.E.2d 739 (N.Y. 1970). New York law provides that privity extends to parties "who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Id.* at 743. Under this standard, GMAC and GRP were in privity with MERS in the state court action. GMAC's interest in the mortgage loan was represented by

MERS because GMAC serviced the loan at the time of the foreclosure action in July 2004. Since the loan was transferred to GRP in May 2005, GRP is a successor to that interest and is also in privity with MERS. Because Option One is a predecessor, not a successor in interest to the mortgage, its interests were not represented by MERS during the foreclosure proceeding and there is no privity. *See Council v. Better Homes Depot, Inc.*, 2006 WL 2376381, at *4 (E.D.N.Y. Aug. 16, 2006) (finding under New York law privity status applies to future successors to defendant's property interest in the plaintiffs' mortgage, but not to predecessors, because defendant shares the interests of future mortgage-holders in preserving the value of the loan and collateral). *Res judicata* bars the claims against GMAC and GRP but not Option One.

Plaintiffs contend that the state court decision is unjust because the court was aware of the wrongs done to them[6] but refused to rectify the wrongs and instead upheld the judgment of foreclosure. (Pls. Mem. Opp. Defs. Mots. Dismiss & Summ. J. at 6-7.) Plaintiffs argue that courts need not apply the doctrines of *res judicata* and collateral estoppel if to do so would be unjust. (*Id*. at 7.) Plaintiffs cite support from the Second, Fifth, Sixth and Ninth Circuits. (*Id*. at 8-9, citing *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 598 (5th Cir. 1977); *Voutsis v. Union Carbide Corp.*, 452 F.2d 889 (2d Cir. 1971); *Tipler v. E.I. DuPont DeNemours & Co.*, 443 F.2d 125, 128 (6th Cir. 1971); *Title v. Immigration and Naturalization Serv.*, 322 F.2d 21, 22 (9th Cir. 1963).)

Defendants reply that the state court judgment was not unjust because a state court appointed referee calculated the mortgage amount due based on New York standards and plaintiffs have been

---

[6] Plaintiffs reiterate that these wrongs were: GMAC drove them into foreclosure by the unjustified and unexplained increase in their monthly mortgage payment; GMAC did not accept their attempt to pay the mortgage arrears; and the foreclosure judgment is exaggerated as it is based on GMAC's inflated mortgage-payment amount. (Pls. Mem. Opp. Defs. Mots. Dismiss & Summ. J. at 7-8.)

living payment-free in their home for at least two years. (Le Reply Aff'm ¶ 2; Battista Reply Aff'm ¶ 4.) Additionally, they argue that the cases cited by plaintiffs were decided in the context of civil rights claims and do not apply in the context of a judgment of foreclosure; indeed courts have precluded litigants from challenging final state court foreclosure judgments and there are no statutory or Constitutional rights and policies at issue here. (Le Reply Aff'm ¶¶ 3-4.)

We agree with defendants that this is not an instance where justice requires that we abstain from applying the doctrine of *res judicata*. Even conceding plaintiffs' argument that under *Voutsis* this Circuit would not apply *res judicata* if it would lead to an unjust result, we do not think application of the doctrine here would be unjust. First, the cases plaintiffs cite refuse to apply *res judicata* strictly if to do so would lead to a result inconsistent with public policy or statutory law. *See Moch*, 548 F.2d at 598 (determining that if a change in law had occurred regarding the constitutionality of voting laws since the dismissal of the earlier cause of action, application of traditional *res judicata* principles would cause manifest injustice); *Voutsis*, 452 F.2d at 893-94 (finding Title VII statutory enforcement scheme contemplates a resort to the federal remedy if the state machinery has proved inadequate, and therefore the procedural rules of election of remedies do not apply); *Tipler*, 443 F.2d at 128-29 (refusing to apply *res judicata* to bar Title VII action even though same claims were brought in prior NLRB hearing because the purposes and requirements of the NLRA and Title VII differ). That is not the case here. Second, we find that plaintiffs had every opportunity to litigate and defend these claims in state court, and nothing in those proceedings suggest any element of unfairness or injustice. The doctrine of *res judicata* is perfectly suited to this case.

## B. Issue Preclusion

Collateral estoppel, or issue preclusion, is a companion doctrine to *res judicata*, and "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984). Before collateral estoppel can be invoked, the court must find that an identical issue was necessarily decided in the prior action and is decisive of the present action, and that there was a full and fair opportunity to contest the decision now said to be controlling. *Buechel v. Bain*, 766 N.E.2d 914, 919 (N.Y. 2001). The party invoking collateral estoppel need not have been a litigant in the prior action. *See Schwartz v. Public Adm'r of Bronx County*, 246 N.E.2d 725, 729 (N.Y. 1969); *Marinelli Assocs.*, 705 N.Y.S.2d at 575-76 (finding that the "fundamental gravamen of the wrong" was precisely the same as the wrong in the prior action and therefore the claims against defendant were barred even though defendant was not a party to the prior action). The litigant seeking the benefit of collateral estoppel must demonstrate the identicality and decisiveness of the issue, and the party to be precluded bears the burden of demonstrating the absence of a full and fair opportunity to litigate the issue in the prior action. *Buechel*, 766 N.E.2d at 919.

To determine whether the issue in the first litigation was necessarily decided, the focus is on the rights, questions or facts that underlie a judicial decision, not the legal theories underlying the complaint. *See Coveal v. Consumer Home Mortgage, Inc.*, 2005 WL 2708388, at *5 (E.D.N.Y. Oct. 21, 2005). "New York requires only that the issue have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Id*. (Internal quotation marks and citation omitted) (determining that all the facts giving rise to the amended complaint were

15

presented in the foreclosure proceeding, though plaintiffs did not allege all of the same causes of action, therefore plaintiffs could not circumvent application of the collateral estoppel doctrine by recasting their claims as a federal civil rights violation).

Examining the facts and issues raised and determined in the state court, we conclude that there is sufficient identity of issue in the foreclosure action and the present claims. In their answer and moving papers in the state court, plaintiffs asserted that they were driven to default on the loan because GMAC improperly increased the monthly mortgage payments, refused to explain why and returned their check for the mortgage arrears; MERS did not comply with the terms of the alleged oral agreement; and the foreclosure judgment was excessive. These are the identical allegations plaintiffs make now. The state court had all the relevant facts in front of it when it decided the summary judgment motion and when it denied plaintiffs' appeal. *See Point Developers, Inc. v. F.D.I.C.*, 961 F. Supp. 449, 460-61 (E.D.N.Y. 1997) (concluding that in the state court plaintiff asserted the enforceability of an alleged agreement as a defense to defendant's efforts to foreclose and in this action the same theory served as the foundation of the plaintiff's affirmative claims for breach of the parties' agreement, therefore there was identity of issue); *Deutsch*, 700 F. Supp. at 197 (determining that the claims were fully before the state court when it determined that the proposed amended answer and counterclaim were without merit, therefore because there was a sufficient identity of issues collateral estoppel applied to the action).

Among the factors relevant to the court's assessment of whether a party had a full and fair opportunity to be heard are: "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and

foreseeability of future litigation." *Schwartz*, 246 N.E.2d at 729; *see Ryan*, 62 N.Y.2d at 501; *Apt. Recycle Co. of Manhattan, Inc., v. AIU Ins. Co.*, 2005 WL 3601717, at *8 (N.Y. Sup. Ct. Oct. 17, 2005).

Plaintiff had a full and fair opportunity to be heard in the state action. The foreclosure action was of significant importance to plaintiffs, the New York Supreme Court certainly has experience in such actions, the litigation was extensive involving multiple appeals and Orders to Show Cause, plaintiffs did have counsel during their appeals and plaintiffs present no new evidence to support their current claims. *See Deutsch*, 700 F. Supp. at 199 (finding full and fair opportunity to litigate in previous state court action where the forum was proper, the claims before it were important, plaintiff had every incentive to litigate and he had competent counsel).

Plaintiffs argue that they did not have a full opportunity to defend the foreclosure action as required by New York law because they did not have a lawyer, therefore they did not interpose counterclaims or join other parties, and the foreclosure judgment should not have preclusive effect. (Pls. Mem. Opp. Defs. Mots. Dismiss & Summ. J. at 13.) Additionally, they argue that the state court "overlooked the fact that the referee's report was based on an inflated monthly mortgage payment," "paid scant attention to the fact that GMAC[] wrongfully rais[ed] its monthly payment," and "paid no attention to the fact that . . . GMAC wrongly rejected [their] payment of arrears." (*Id*. at 14-15.)

The doctrine of *res judicata* applies to *pro se* litigants, therefore we reject plaintiffs' contention that they were not afforded a full and fair opportunity to be heard. *Pena v. Travis*, 2002 WL 31886175, at *8 (S.D.N.Y. Dec. 27, 2002); *Sosa*, 822 N.Y.S.2d at 122 (where *pro se* plaintiff's claims in previous action against defendant based on the same set of facts were dismissed doctrine of *res judicata* applied to bar the instant action); *Lake George Park Comm'n v. Salvador*, 664

17

N.Y.S.2d 847, 850 (App. Div. 1997) ("A pro se litigant acquires no greater rights than any other litigant."). Additionally, plaintiffs eventually obtained counsel who pursued their state court appeals.

Finally, we do not find merit in plaintiffs' contention that the issues received little or no attention. The issues were raised and addressed multiple times throughout the state court proceedings. Simply because plaintiffs do not agree with the state court's conclusion does not mean that the court, one of competence and experience, paid "scant" or "no attention" to the facts. Because plaintiffs had a full and fair opportunity in the state court proceedings to litigate the issues it now seeks to raise against Option One, plaintiffs' claims are barred by collateral estoppel.

## CONCLUSION

For all the foregoing reasons, defendants GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc. and GRP Financial Services Corp.'s motions to dismiss plaintiffs' claims are granted. Defendant Option One Mortgage Corporation's motion for summary judgment is also granted. Judgment to be entered by the Clerk of the Court.

SO ORDERED.

Dated: White Plains, New York
February 13, 2008

*William C. Conner*
Sr. United States District Judge